AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
17 JUN 28 PM 1:47
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>ROBERTO JAVIER PALACIO (1) | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: 17CR0264-BEN<br>SHANNON MARIE DORVALL<br>Defendant's Attorney |

**REGISTRATION NO.** 60102298

☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P.36)

**THE DEFENDANT:**
☒ pleaded guilty to count(s) 1 OF THE INFORMATION.
☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 2252(a)(4)(B) | POSSESSION OF IMAGES OF MINORS ENGAGED IN SEXUALLY EXPLICIT CONDUCT | 1 |

The defendant is sentenced as provided in pages 2 through __9__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ is ☐ are ☐ dismissed on the motion of the United States.
☒ Assessment: $100.00 forthwith or through the Inmate Financial Responsibility Program (IFRP) at the rate of not less than $25.00 per quarter during the period of incarceration.

☐ Fine waived      ☒ Forfeiture pursuant to order filed __JUNE 12, 2017__, included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

JUNE 12, 2017
Date of Imposition of Sentence

HON. ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE

17CR0264-BEN

DEFENDANT: ROBERTO JAVIER PALACIO (1)
CASE NUMBER: 17CR0264-BEN

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of SEVENTY-EIGHT (78) MONTHS.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before _____
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: ROBERTO JAVIER PALACIO (1)
CASE NUMBER: 17CR0264-BEN

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
TEN (10) YEARS.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☒ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: ROBERTO JAVIER PALACIO (1)
CASE NUMBER: 17CR0264-BEN

## SPECIAL CONDITIONS OF SUPERVISION

☒ Submit your person, property, residence, abode, vehicle, papers, computer, social media accounts, any other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct, and otherwise in the lawful discharge of the officer's duties. 18 U.S.C. §§ 3563 (b)(23); 3583 (d)(3). Failure to submit to a search may be grounds for revocation; you shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☒ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☒ Consent to third party disclosure to any employer, potential employer, concerning any restrictions that are imposed by the court.

☒ Not associate with, or have any contact with any known sex offenders unless in an approved treatment and/or counseling setting.

☒ Not use or possess devices which can communicate data via modem or dedicated connection and may not have access to the Internet without prior approval from the court or the probation officer. The offender shall consent to the installation of systems that will enable the probation officer to monitor computer use on any computer owned or controlled by the offender. The offender shall pay for the cost of installation of the computer software.

☒ Not initiate any contact (personal, electronic or otherwise) or associate with anyone under the age of 18, unless in the presence of a supervising adult who is aware of the offender's deviant sexual behavior and nature of offense and conviction, with the exception of the offender's biological children, unless approved in advance by the probation officer.

☒ Not accept or commence employment or volunteer activity without prior approval of the probation officer, and employment should be subject to continuous review and assessment by the probation officer.

☒ Not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depicts "sexually explicit conduct" involving children as defined by 18 USC § 2256(2) and/or "actual sexually explicit conduct" involving adults as defined by 18 USC §2257(h)(1), and not patronize any place where such materials or entertainment are the primary material or entertainment available.

☒ Not loiter within 200 yards of a school, schoolyard, playground, park, amusement center/park, public swimming pool, arcade, daycare center, carnival, recreation venue, library and other places primarily frequented by persons under the age of 18, without prior approval of the probation officer.

☒ Reside in a residence approved in advance by the probation officer, and any changes in residence shall be pre-approved by the probation officer.

☒ Complete a sex offender evaluation, which may include periodic psychological, physiological testing, and completion of the ABEL assessment, at the direction of the court or probation officer. If deemed necessary by the treatment provider, the offender shall participate and successfully complete an approved state-certified sex offender treatment program, including compliance with treatment requirements of the program. The Court authorizes the release of the presentence report, and available psychological evaluations to the treatment provider, as approved by the probation officer. The offender will allow reciprocal release of information between the probation officer and the treatment provider. The offender may also be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay. Polygraph examinations may be used following completion of the formal treatment program as directed by the probation officer in order to monitor adherence to the goals and objectives of treatment and as a part of the containment model.

DEFENDANT: ROBERTO JAVIER PALACIO (1)
CASE NUMBER: 17CR0264-BEN

# FINE

The defendant shall pay a fine in the amount of ___$250.00___ unto the United States of America.

This sum shall be paid ___ immediately.
                       _X_ as follows:

Forthwith or through the Inmate Financial Responsibility Program (IFRP) at the rate of not less than $25.00 per quarter during the period of incarceration.

The Court has determined that the defendant __does__ have the ability to pay interest. It is ordered that:

_X_ The interest requirement is waived.

___ The interest is modified as follows:

17CR0264-BEN

FILED
JUN 12 AM 8:28
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY MPL    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 17cr0264-BEN |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| ROBERTO JAVIER PALACIO, | |
| Defendant. | |

WHEREAS, pursuant to the terms of the Plea Agreement and Forfeiture Addendum between the parties, the Defendant consented to the forfeiture of all right, title and interest in all property seized from him pursuant to 18 U.S.C. §§ 2253 and 2254, and 21 U.S.C. §§ 853(a)(1) and (a)(2), which were visual depictions, property constituting or derived from proceeds, or property used or intended to be used to commit or to promote the commission of the offense in violation of 18 U.S.C. § 2252(a)(4)(B), as charged in Count 1 of the Information to which the Defendant entered a guilty plea; and

WHEREAS, on or about March 13, 2017, the Defendant pled guilty before Magistrate Judge Jan M. Adler to Count 1 of the Information, which plea included consent to forfeiture of all property seized by law enforcement during the investigation of the offense, including forfeiture of all visual depictions described in § 2252 and matters which contain such visual depictions, and all property used or intended to be used to commit or to promote the commission of the offense and any property traceable to such

property, as alleged in the Information, including a **Compaq Presario laptop computer, Serial No. CNF005CZDP**; and

WHEREAS, on May 8, 2017, this Court accepted Defendant's guilty plea; and

WHEREAS, by virtue of the facts set forth in the Plea Agreement and Forfeiture Addendum, the United States has established the requisite nexus between the forfeited property and the offense set forth in the Information; and

WHEREAS, by virtue of Defendant's factual admissions and guilty plea to the charge in the Information, the United States is now entitled to possession of said property, pursuant to 18 U.S.C. §§ 2253 and 2254, and 21 U.S.C. §§ 853(a)(1) and (a)(2); and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the Compaq Presario laptop computer, Serial No. CNF005CZDP, which is hereby found forfeitable to the United States pursuant to 18 U.S.C. §§ 2253 and 2254, and 21 U.S.C. §§ 853(a)(1) and (a)(2); and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the factual admissions of the Defendant and his guilty plea, the United States is hereby authorized to take custody and control of the Compaq Presario laptop computer, Serial No. CNF005CZDP, and all right, title and interest of Defendant in them are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n).

2. The aforementioned forfeited asset is to be held by U.S. Immigration and Customs Enforcement ("ICE") in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with

the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Criminal Forfeiture.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Criminal Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

//
//
//
//

8. Pursuant to Rule 32.2(b)(4), this Order of Criminal Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

DATED: 6/07/2017

Hon. ROGER T. BENITEZ
United States District Judge